Filed Oct. 18, 1894.

---

No. 16,968.

## The Baltimore and Ohio and Chicago Railroad Company *v.* Eggers.

ACTION.—*Dismissal for Want of Prosecution.—Regular Judge Disqualified.—Presumption.*—Where the regular judge is disqualified to act, it is no excuse for failure to prosecute the case, where the case was dismissed by special judge for want of prosecution, after pending more than two years. It will be presumed that plaintiff's counsel knew of the statutes for the trial of causes where the regular judge is disqualified.

SAME.—*To Reinstate a Cause Dismissed for Want of Prosecution, Contra-*

*ry to Agreement.*—In an action to reinstate a cause dismissed for want of prosecution, the complaint that the case was dismissed contrary to agreement, is not sufficient where it is not shown that the agreement was one between the parties to the action.

PRACTICE.—*Default by Litigant.*—*Rule or Order of Court.*—A litigant can only be in default when he fails to discharge or satisfy some rule or order of the court entered against him.

From the Lake Circuit Court.

*J. H. Collins*, for appellant.

*J. W. Youche* and *E. D. Crumpacker*, for appellee.

DAILEY, J.—This is a proceeding under section 396, of the R. S. 1881, to set aside an order of dismissal of a cause pending in the Lake Circuit Court, wherein appellant was plaintiff and appellee was defendant.

It appears from the complaint herein that the appellant purchased a parcel of land in Lake county, Indiana, for right of way in June, 1881, and when it undertook to take possession of the said land and construct a fence along a line thereof, the appellee interfered and prevented it and claimed ownership of the land; that on the 8th day of August, 1888, appellant commenced an action in said court against appellee, to enjoin him from interfering with appellant's possession and use of the land; that afterwards appellant's grantor commenced an action in said court against appellee to determine the title and possession of said property, and it was "agreed and understood" that appellant's said action should stand upon the dockets of said court until the other suit had been determined; that pursuant to said agreement appellant's action was continued from term to term until September, 1890, when it was dismissed, but appellant did not learn of said dismissal until nearly two years thereafter. It is also alleged that Hon. William Johnson, who was judge of the Lake Circuit Court when the cause was dismissed, was one of the appellant's counsel in the orig-

inal action, and Hon. Johannes Kopelke was appointed special judge for the purpose of hearing this case, and made the order of dismissal.

The court below overruled the motion to set aside the dismissal, and this appeal brings in review that decision of the court.

It is undisputed that from the time appellant commenced its action in August, 1888, until the September term, 1890, no steps were taken to prosecute it whatever. It is clear that in the absence of some agreement to justify it, such treatment of the action by the appellant is inexcusable, and such negligent conduct as the law will not tolerate. But two grounds are taken upon which appellant relies to show mistake, inadvertence or excusable neglect:'

First. That the presiding judge was disqualified, and appellant supposed the cause would not be disposed of until his term of office expired.

Second. An agreement by which appellant's cause was to stand until the other cause was determined.

We must indulge the presumption that appellant's counsel knew of the statutes for the trial of causes when the judge is disqualified to act. There was nothing in the fact that two years after the action commenced the regular judge appointed a special judge to try the cause, and such special judge made an order of dismissal, to justify appellant's conduct in neglecting the suit. The other question was purely one of fact to be determined by the court upon the evidence. The only testimony in relation to it, introduced by the appellant, is the verified complaint and affidavit of its counsel, wherein it is claimed that it was "agreed and understood" that appellant's case should remain on the dockets of the court until the other cause was decided, but it is not shown who made or who were parties to the agreement or un-

derstanding.   Appellant does not claim that it was had with the appellee or any one authorized to act for him, but, on the contrary, appellee and his attorneys all testify positively that no arrangement, agreement or understanding was made respecting said action, and the court so found in accordance with the evidence.

There is no conflict in the evidence, because there is no testimony on either side showing, or tending to show, an arrangement of any kind with the appellee, or any one on his behalf respecting the case.   True, the appellee filed no answer in the original case, but he was not in default, as no rule had been taken against him.   A litigant can only be in default when he fails to discharge or satisfy some rule or order of the court entered against him.

In the present case the proceeding is summary, and no answer is contemplated by the practice act.   *Douglass* v. *Keehn*, 78 Ind. 199.

We perceive no error in the judgment of the trial court, and its judgment is affirmed.

Filed Oct. 30, 1894.