## BLICKENSTAFF v. COWGILL ET AL.

[No. 8,329. Filed October 14, 1914. Rehearing denied December 22, 1914. Transfer denied March 26, 1915.]

1. DISMISSAL.—*Grounds.*—*Want of Prosecution.*—*Pending Demurrer.*—Under a rule of the trial court providing that causes that have stood for two previous terms without having been advanced will be dismissed for want of prosecution, the court had authority to dismiss a cause that had stood for four previous terms without having been advanced, notwithstanding a demurrer filed to the complaint was pending and undisposed of, since it was the duty of plaintiff to see that same was disposed of and his cause advanced. p. 379.

2. APPEAL.—*Review.*—*Discretion.*—*Dismissal.*—The dismissal of a cause for want of prosecution is largely within the discretion of the trial court, and the exercise of such discretion will not be reviewed on appeal unless a clear abuse is shown, and where there is evidence tending to support the court's action, such abuse is not shown. p. 380.

From Wabash Circuit Court; *A. H. Plummer*, Judge.

Action by Joseph C. Blickenstaff against Cary E. Cowgill and others. From a judgment of dismissal, the plaintiff appeals. *Affirmed.*

*W. F. McNagny, C. W. Watkins* and *Charles A. Butler,* for appellant.

*Lesh & Lesh, Sayre & Hunter,* and *Pettit & Switzer,* for appellees.

IBACH, P. J.—This is a companion case to *Hornaday* v. *Cowgill* (1913), 54 Ind. App. 631, 101 N. E. 1030. The only question brought before us in the present case is the action of the trial court in dismissing the case, upon appellees' motion, for want of prosecution, and in refusing, upon appellant's motion, to reinstate the case.

The complaint was filed on July 7, 1909. On September 15, 1910, appellees filed demurrers to the complaint. On January 15, 1912, the issues not having been advanced, and no steps having been taken by appellant to advance the issues in the cause, appellees made a motion to dismiss the cause, under Rule 5 of the Wabash Circuit Court, which provides: "Causes that have stood two previous terms without being advanced, will be dismissed on call, unless at that time some reason supported by affidavit, be shown to the contrary." Affidavits were filed against this motion, and other affidavits, in support of it. After the motion to dismiss had been sustained, appellant made a motion to reinstate the cause, affidavits were filed on both sides as before, the question argued, and the motion overruled. Appellant's motion for new trial was also overruled.

Appellant's chief argument is that a complaint with a demurrer pending can not be dismissed for want of prosecution, but he has cited no authority directly in point.

1. We are of the opinion that a party to a cause may be so negligent of his own interests in connection therewith that the court, both by virtue of the common law and under its inherent powers, may dismiss such cause for want of prosecution. In the present instance, there was a rule of the court which provided that causes which had stood on the docket two previous terms without being advanced, might be dismissed unless reason to the contrary be shown. The facts are undisputed that the case had stood upon the docket of the Wabash Circuit Court without advancement through four terms previous to the one at which the dismissal occurred. After the action had been brought and an issue of

law raised upon the pleadings, it was the duty of the plaintiff and not the defendant to see that such issue was promptly disposed of and his cause advanced. There was also a duty resting upon the court to dispose of the issue raised by the demurrer with reasonable promptness, but this does not diminish the burden on the plaintiff to advance the issues. The defendant was not precluded from making a motion to dismiss because there was a pending demurrer to the complaint, but the fact that a demurrer was pending was a circumstance for the court to consider in passing upon the motion to dismiss. The plaintiff's failure to advance the cause after the demurrers were filed may be considered as at least some evidence showing an abandonment of the cause. The burden is not upon the defendant in a suit to carry it to a termination; this was for the plaintiff. As supporting our holding, see, *Baltimore, etc., R. Co.* v. *Eggers* (1894), 139 Ind. 24, 38 N. E. 466; *Cabinet Makers Union* v. *City of Indianapolis* (1896), 145 Ind. 671, 44 N. E. 757; *Simmons* v. *Keller* (1875), 50 Cal. 38; *Kubli* v. *Hawkett* (1891), 89 Cal. 638, 27 Pac. 57; *Morgan* v. *Currie* (1821), 3 A. K. Marsh. (Ky.) 293; *Langford* v. *Wilson* (1902), 30 Wash. 499, 70 Pac. 1112; *Mowry* v. *Weisenborn* (1902), 137 Cal. 110, 69 Pac. 971. The cases cited by appellant in which it was held error to proceed to trial without first disposing of a pending demurrer to a pleading do not apply here.

The rule is well established that the determination of motions to dismiss an action for want of prosecution is largely within the discretion of the trial court, whose discretion will not be reviewed by this court unless a clear case of abuse is shown. *Cabinet Makers Union* v. *City of Indianapolis, supra*. In the present case the court passed upon the sufficiency of the reasons urged to prevent dismissal and to procure reinstatement, and found that such reasons were not a justification for failing to advance the cause. There were conflicting affidavits, and there is evidence tending to support the court's action in dismissing

the cause and in refusing to reinstate it. There is no showing that the trial court abused its discretion. The weight of evidence is for the trial court, and not for this court. No error appears. Judgment affirmed.

NOTE.—Reported in 106 N. E. 376. As to when compulsory non-suit should be granted, see 24 Am. Dec. 620. See, also, under (1) 14 Cyc. 446; 14 Cyc. 1913 Anno. 448-new; (2) 3 Cyc. 1913 Anno. 340-new; 3 Cyc. 366.