## JOHNSON *v.* FIRST NATIONAL BANK OF WHITING.

[No. 9,394. Filed November 14, 1917.]

1. DISMISSAL AND NONSUIT.—*Dismissal of Action.*—*Reinstatement.*—*Proceedings.*—*Pleading.*—*Notice to Defendant.*—*Statute.*—Under §405 Burns 1914, §396 R. S. 1881, providing that the court shall relieve a party from any judgment taken against him through his mistake, inadvertance, surprise, or excusable neglect, on complaint or motion filed within two years, the application to be relieved from a judgment, if made at a subsequent term, is in the nature of a new proceeding, and the party in default must proceed by a pleading in the nature of a complaint, and, in the absence of an appearance by the opposing party, notice is required; hence, where an action was dismissed for want of prosecution, it was error for the trial court at a subsequent term to restore the cause to the docket on the verbal application of plaintiff, without notice to, or appearance by, the defendant. p. 632.

2. APPEAL.—*Reserving · Questions for Review.*—*Exceptions.*— *When Taken.*—*Statute.*—*Scope and Application.*—Section 656 Burns 1914, §626 R. S. 1881, providing that a party objecting to any decision of the court must except at the time the decision is made, did not require defendant to except at the time to an order restoring to the docket an action dismissed at a previous term for want of prosecution, where the order was made on the verbal motion of plaintiff, without notice to or appearance by defendant, since the court did not have jurisdiction over his person, so that the ruling on the motion to redocket was not binding on him. p. 633.

3. APPEAL.—*Review.*—*Waiver of Error.*—*Necessity of Timely Exception.*—Where defendant, knowing that the case had been dismissed and restored to the docket at a subsequent term without notice to or appearance by him, and that a default judgment was rendered in plaintiff's favor, moved to set aside the default and proceeded to defend without complaining of any

irregularities in the prior proceedings, he waived any error in the trial court's action on plaintiff's motion to redocket the cause, and the ruling on such motion could not be challenged by defendant for the first time by an assignment of error on appeal. p. 634.

From Lake Superior Court; *Charles E. Greenwald,* Judge.

Action by First National Bank of Whiting against August H. W. Johnson and another. From a judgment for plaintiff, the defendant named appeals. *Affirmed.*

*Meade & Royce,* for appellant.

*F. N. Gavit John C. Hall* and *Walter H. Smith,* for appellee.

CALDWELL, J.—Appellee brought this action against appellant and Carl Johnson to recover on an assignment of account executed by the latter to appellee, and directed to, and accepted by, appellant. Process was not served on Carl Johnson. Appellant filed an answer in two paragraphs. On December 19, 1913, the action was dismissed by the court for want of prosecution. On February 2, 1914, at a subsequent term, an entry was made restoring the cause to the docket, the entry being as follows: "Upon motion of the plaintiff this action is now restored to the docket." The sole error assigned and relied on is predicated on the action of the court in restoring the cause to the docket.

It will be observed that the entry does not disclose that appellant reserved an exception to the ruling complained of, or whether the appellant was in court or had knowledge of such ruling at the time. Nor does it affirmatively appear that appellee filed with the court a complaint or motion in writing that formed the basis of the ruling complained of, or that notice of any such motion was served on appellant, or that appellee made a showing of mistake, inadvertance, surprise, or excusable neglect, and thus appealed to the court to be re-

lieved from the consequences of the dismissal of the action.

The following further facts should be considered: On May 13, 1914, the cause was submitted to the court for trial; appellant failed to appear and was defaulted, and judgment rendered against him. On September 21, 1914, appellant filed a motion in writing to set aside such default, and that he be permitted to defend, which motion was sustained, and the default set aside February 1, 1915. Subsequently appellee demurred to the second paragraph of appellant's answer theretofore filed, whereupon appellant withdrew such paragraph. A trial was thereupon had, the evidence heard, and judgment rendered in favor of appellee and against appellant. Appellant subsequently filed a motion for a new trial, which was overruled.

In considering the questions presented, we shall assume that appellant was not in court, and that he did not have knowledge, at the time, of the action of the court in restoring the cause to the docket. We shall assume also that the court's action was predicated on the mere verbal motion of appellee, and that notice of such motion was not served on appellant. It appears also from the record that appellant subsequently was informed from some source respecting the actual state of the record, and that judgment had been entered against him on default. Thereafter he appeared, procured the default to be set aside and the judgment to be vacated, participated in completing the issues and in the trial, and thereafter filed his motion for a new trial. In none of such subsequent proceedings did he complain of the court's order restoring the cause to the docket, or take any steps to procure the vacating of such order, or make any objection or reserve any exception to the action of the court in that respect. In the place of bringing to the attention of the court any

grievance that he felt had been inflicted on him, he conducted himself in such a manner as apparently to indicate that the prior proceedings were satisfactory to him. Under such circumstances may appellant predicate available error on the action of the court in restoring said cause to the docket?

There is a statute to the effect that the court shall relieve a party from a judgment taken against him through his mistake, inadvertance, surprise or 1. excusable neglect, on complaint or motion filed within two years. §405 Burns 1914, §396 R. S. 1881. In *West* v. *Noakes* (1842), 6 Blackf. 335, 38 Am. Dec. 146, decided before there was any specific statute on the subject, it was held error to restore an action which had been dismissed at a previous term, no cause being shown for restoring it. *Brumbaugh* v. *Stockman* (1882), 83 Ind. 583, was decided under §99 of the act of 1852 (2 R. S. 1852 p. 48). That section on the subject of setting aside defaults was practically identical with §405, *supra,* as above outlined, except that the former contained no provision specifying that the party in default should proceed by complaint or motion. However, in the case last cited the court said: "Under section 99 of the code, defaults are set aside either on complaint or motion; a motion is the proper proceeding during the term at which the default was taken; after the term a complaint or petition, verified or supported by affidavit, is the proper proceeding. The motion is a proceeding in the suit, and, unless required by a rule of the court, it needs no notice, because the court has control of its proceedings and jurisdiction of the parties unto the end of the term. *Burnside* v. *Ennis,* 43 Ind. 411. After the term the complaint is a new proceeding, and requires notice. *Lake* v. *Jones,* 49 Ind. 297." The present statute contemplates a com-

plaint or motion in writing. *Indianapolis, etc., R. Co.* v. *Crockett* (1891), 2 Ind. App. 136, 28 N. E. 222.

If the application to be relieved from a judgment taken on default is made at a subsequent term, such application is in the nature of a new proceeding. The party in default should therefore proceed by a pleading in the nature of a complaint and, in the absence of an appearance, notice is required. *Albany Land Co.* v. *McElwaine, etc., Co.* (1894), 11 Ind. App. 477, 39 N. E. 297.

Here at a subsequent term the machinery of the court was set in motion by a mere verbal application on which no notice was issued, and to which appellant did not appear. We conclude that the action of the court in restoring said cause under the circumstances was at least erroneous.

Appellant, however, reserved no exception to the action of the court in restoring the cause. It is provided by statute that the party objecting to any decision of the court must except at the time the decision is made. §656 Burns 1914, §626 R. S. 1881. In order that a person may be required to object and except to a decision purporting to affect his rights, it is essential that the court in rendering its decision have jurisdiction over his person. Where the requirement exists, "The obligation to object and except to a decision of the court implies that the party required to object and except shall be afforded an opportunity to do so. It cannot, with any show of fairness and reason, be claimed that a party assents to a ruling of a court of which he has no knowledge or opportunity of acquiring knowledge. We are of the opinion that when an objection and exception is taken at the first legal opportunity, it is in time." *Wabash R. Co.* v. *Dykeman* (1892), 133 Ind. 56, 32 N. E. 823; *Lewis* v. *Nielson* (1911), 176 Ind. 414, 96 N. E. 145.

The ruling, however, was made in a new proceeding of which appellant had no notice. The court, therefore, did not have jurisdiction over his person, and the ruling was not binding on him. *McKinney* v. *Frankfort, etc., R. Co.* (1895), 140 Ind. 95, 38 N. E. 170, 39 N. E. 500; *Davis* v. *Bayless* (1895), 140 Ind. 700, 38 N. E. 400; 15 R. C. L. 844.

3. Appellant, when he subsequently received information that the case had been restored, had before him at least two courses, either of which he was at liberty to pursue: First, he might have brought to the attention of the court the irregularities attending the redocketing of the action, and on the facts moved that the order be vacated. Had he met with an adverse ruling, a reserved exception would have placed the record in condition so that the decision of the court might have been reviewed by this court. Second, In recognition that, if he procured such order to be vacated, there was nothing to prevent appellee from refiling its complaint, and thus forcing a trial on the merits, appellant was at liberty to ignore the irregularities accompanying the restoring of the cause, and, confining his preliminaries to a motion to set aside the default against him, proceed to defend on such default being set aside. He elected to pursue the latter course, and by an assignment of error in this court he first complains of the trial court's action in restoring the cause. Under the circumstances, it is our judgment that he waived whatever error, irregularity, or invalidity there was in the ruling complained of.

A waiver is "an intentional relinquishment of a known right; * * * a neglect or omission to insist upon a matter of which a party may take advantage at the time when it should be done, so that it may operate as a trap to the other party, to insist upon it afterwards." 40 Cyc 252 *et seq.*

The record in the trial court plainly disclosed that the cause had been dismissed and subsequently reinstated, and there is nō contention that appellant did not have actual knowledge of the facts when he appeared in court and successfully moved to set aside the default that had been entered against him, and proceeded to defend. He neglected, however, to take any steps to relieve himself from the situation. It is said that every failure to assert a right at the proper time is a waiver of that right. *Zehnor* v. *Beard* (1856), 8 Ind. 96.

The following language, peculiarly applicable here, is used by the court in *Preston* v. *Sandford's Admr.* (1863), 21 Ind. 156: "It would be impolitic to allow a party to consent to go to trial upon a given state of the record, take his chance of success upon it, and, failing, to then turn round, repudiate his own voluntary act, and thus defeat his opponent under all circumstances." See also *Coleman* v. *State* (1887), 111 Ind. 563, 567, 13 N. E. 100, and the following applicable by analogy: *American, etc., Tin Plate Co.* v. *Reason* (1915), 184 Ind. 125, 129, 110 N. E. 660; *Haun* v. *Wilson* (1867), 28 Ind. 296, 303; *Miles* v. *Buchanan* (1871), 36 Ind. 490, 499; *Egoff* v. *Board, etc.* (1907), 170 Ind. 238, 245, 84 N. E. 151; *Indianapolis, etc., Traction Co.* v. *Brennan* (1909), 174 Ind. 1, 87 N. E. 215, 90 N. E. 65, 68, 91 N. E. 503, 30 L. R. A. (N. S.) 85; *Messenger* v. *State* (1898), 152 Ind. 227, 231, 52 N. E. 147; *Cleveland, etc., R. Co.* v. *Starks* (1914), 58 Ind. App. 341, 348, 106 N. E. 646.

Judgment affirmed.

NOTE.—Reported in 117 N. E. 676.