PAPUSCHAK *v.* BURICH ET AL.

[No. 14,202.   Filed June 2, 1933.]

*Sheehan & Lyddick,* for appellant.

*Louis D. Kuss,* for appellees.

DUDINE, J.—The facts of this case as found by the court are in substance, that on February 12, 1917, and for several years prior thereto, the City and Harbor Land Company was the owner of certain real estate; on said day, said real estate was regularly sold to First Mortgage Loan Company for delinquent taxes; said real

estate was not redeemed from said tax sale, but on August 21, 1919, a tax deed therefor was duly executed to said First Mortgage Loan Company, which tax deed was duly recorded on August 22, 1919.

On October 8, 1918, said City and Harbor Land Company executed and delivered to Mary Primrich a warranty deed to said real estate, which was recorded on the same day that the tax deed was recorded.

Mary and her husband conveyed said real estate to Julia Papuschak by warranty deed on September 4, 1919, which deed was recorded October 10, 1919.

Said First Mortgage Loan Company, purchasers at the tax sale, conveyed said real estate to appellant by quit claim deed on March 9, 1922.

On March 17, 1922, appellant filed suit to quiet title to said real estate, in cause numbered 21,489, in which cause he named Julia Burich, formerly said Julia Papuschak, and Frank Burich, her husband, as parties defendant together with other defendants. Said Julia Burich and her husband were defaulted and judgment was rendered on May 22, 1922, quieting title to said real estate in appellant as against them.

On April 25, 1923, said Julia Burich and her husband filed suit to set aside said default judgment. This cause was numbered 23,117. Appellant was named as a party defendant, but no service was had on appellant and nothing was done in the cause until March 3, 1924, when it was dismissed for want of prosecution.

In the next term of court said Julia Burich moved the court to set aside said dismissal, and the court ordered a summons for appellant to be issued, returnable June 30, 1924. The return on the summons was as follows: "Service on the within-named defendant, George Papuschak, by leaving a true copy of the same at his last and usual place of residence this 20th day of June, 1924." Said summons designated the address of appellant as being 1595 Cleveland Street, Hammond, Ind.,

"The following June (July) 3, 1924," service by said summons was shown, and appellant was defaulted, and judgment was rendered setting aside the judgment in said Case No. 21,489 as to said Julia Burich and her husband.

July 3, 1924, after the court had set aside said judgment, as aforesaid, said Julia Burich filed an answer in said Case No. 21,489 praying that the title to said real estate be quieted in her.

The cause was submitted to the court for trial on November 12, 1924, in the absence of appellant and without his knowledge, and the court rendered judgment in favor of said Julia Burich, quieting the title in her.

April 22, 1925, Julia Burich and her husband executed a warranty deed to said real estate to appellee Matt Burich, and appellee Matt Burich and wife executed a deed therefore to appellee Elsie Silverman, which was recorded March 14, 1929.

Appellant did not live at 1595 Cleveland Street, but lived in the City of Gary, from 1922 to 1927. He had no knowledge of the issuance of said summons, and knew nothing about the proceeding to set aside said judgment until 1927.

This is an appeal from the judgment in a second suit to quiet title brought by appellant. The complaint was in two paragraphs and it named all appellees as defendants. The first paragraph was the usual form of complaint to quiet title which alleged that appellees, without foundation, claimed an interest in the real estate which was adverse to his title. In the second paragraph he alleged the same facts, and further facts, that he acquired title by virtue of a tax deed in 1919 and since said date he had paid taxes and special assessments in the amount of $771.05, and he prayed a quieting of his title, but if the title could not be quieted, that he be

given a prior lien for said taxes. Appellees, George
Silverman and Elsie Silverman, his wife, filed answer
in general denial, and appellee, Elsie Silverman, filed
a cross-complaint in two paragraphs praying a judg-
ment quieting title to the same real estate in herself.
One paragraph of her cross-complaint was in the usual
form of complaint to quiet title, alleging that appellant
claimed, without foundation, an interest which is ad-
verse to hers. The other paragraph of complaint set
forth the same facts and in addition alleged the chain
of her title. All other appellees filed disclaimers.
(Hereafter, in this opinion the word appellee means
appellee Elsie Silverman.)

The issue presented by appellee's cross-complaint was
closed by appellant's answer, and the cause was tried
by the court, who, upon request, made a special finding
of facts as heretofore indicated and rendered conclu-
sions of law in favor of appellee and against appellant,
and rendered judgment quieting title to said real estate
in appellee.

The conclusions of law were: 1st. That the law is
with the appellee on her answer and cross-complaint.
3rd. That appellee have judgmennt on her cross-com-
plaint, quieting her title to said real estate. (In view of
the result reached in this opinion it is unnecessary to
set out the 2nd conclusion of law.)

The assigned errors which are not waived and which
are determinative of this appeal are that the court erred
in its conclusions of law numbered one (1) and
three (3).

The court found in effect that appellant acquired title
to the real estate by virtue of the tax deed, and by vir-
tue of the judgment rendered May 22, 1922, in his first
quiet of title suit.

In order that either the first or the third conclusion
of law be sustained the finding must contain sufficient

facts to show a title in appellee Elsie Silverman, which was superior to appellant's title.

Appellee claims title indirectly through said Julia Papuschak, against whom appellant's title was quieted in his first quiet title suit. Said Julia Papuschak attempted in said Cause No. 23,117 to set aside said judgment, under Sec. 423, Burns R. S. 1926. If the judgment rendered in said cause No. 23,117 was invalid, appellant remained the owner in fee simple, as against Julia Papuschak, and those who claim under her.

Sec. 423, Burns R. S. 1926, provides: "The court shall relieve a party from a judgment taken against him through his mistake, inadvertence, surprise or excusable neglect, on complaint filed and *notice issued, as in an original action. . . ."*

The court found that the service relied upon in said cause No. 23,117 was a service by leaving a copy of a summons "at his last and usual place of residence;" that the summons was addressed 1595 Cleveland Street, Hammond, Indiana; that appellant did not live at said address, but had lived in Gary for two years prior to the service of said summons.

Sec. 333, Burns R. S. 1926, authorizes service of summons by leaving a copy thereof at "usual or last place of residence" of the defendant. The court found in effect that the summons *was not* left at defendant's last, or usual place of residence, and consequently we hold that said service was not binding upon appellant. That the sheriff's return is not conclusive as to matters which are not presumptively within his personal knowledge, e. g., the usual place of residence of the person served, is, we think supported by the weight of authority. See *State of N. J.* v. *Shirk* (1920), 75 Ind. App. 275, 127 N. E. 861.

Appellant not having received notice of the pendency of said cause "as in an original action," as is provided

in Sec. 423, Burns R. S. 1926, the court could not ■ set aside the judgment which quieted title in appellant. See *Sturgis* v. *Fay* (1861), 16 Ind. 429, 79 Am. Dec. 440; *Pigg* v. *Pigg* (1873), 43 Ind. 117, 21 R. C. L., p. 1280.

The court did not have the authority to set aside the judgment dismissing said Cause No. 23,117 for want of prosecution, on motion made after the close of ■■ the term, in which said judgment was rendered. The court acquires such authority only upon complaint being filed and notice issued as prescribed in Sec. 423, Burns R. S. 1926. Courts can, however, set aside judgments on motion during term time. See *Nat'l. Life Ins. Co.* v. *Wheeler* (1922), 79 Ind. App. 184, 137 N. E. 529; *Ill. Surety Co.* v. *State* (1918), 69 Ind. App. 450, 122 N. E. 30; *Johnson* v. *First Nat'l. Bank of Whiting* (1917), 65 Ind. App. 629, 117 N. E. 676.

Appellee cites *Johnson* v. *First National Bank of Whiting, supra,* as authority for the court's action in setting aside said judgment in said cause 23,117 and redocketing the case at a subsequent term. In that case a cause was dismissed for want of prosecution and was redocketed at a later term "upon motion of the plaintiff," and judgment was rendered against defendant by default, *but* later defendant appeared, and by motion, secured a vacation of said default judgment; then defendant filed answers in said cause, a trial was had, and evidence was heard, and judgment was rendered against defendant, and defendant, on appeal, objected to the redocketing of said cause. He waived his right to object to the redocketing of said cause when he appeared in the cause, after it was redocketed. That opinion does not support the court's action in redocketing said Cause No. 23,117.

For the reasons given herein, the judgment is re-

versed and cause is remanded to the trial court and the trial court is ordered to restate its conclusions of law and render judgment in conformity with this opinion.

Curtis, J., not participating.