SLAGLE v. VALENZIANO.

[No. 19,645. Filed February 27, 1963.]

*George L. Rulison,* of Ligonier, and *Vernon, Hartzog, Barker & Hepler,* of Goshen, for appellant.

*Albert J. Kuster,* of Ligonier, and *Donald L. Peterson,* of Goshen, for appellee.

PFAFF, J.—Appellee brought this action against appellant in May of 1954 asking that he be declared the father of her unborn child and asking for its support. Appellant appeared by counsel the same month. Nothing further was done and no entires were made until October 18, 1955 when the following entry was made:

> "The Court now dismisses this cause of action under Rule 3, it is therefore adjudged and decreed by the Court that the plaintiff pay all costs of this action taxed at — dollars and — cents."

Rule 3 of the trial court provided, in part:

> "All civil causes and other proceedings . . . which shall have been on the docket for four full regular terms without entries being made or steps being taken therein, may be dismissed at the discretion of the court without notice at any time thereafter."

On May 25, 1960 appellee requested that the cause be reinstated, which request was granted, and an order was made that the cause be reinstated. Appellant filed his motion to set aside and vacate the order or reinstatement. Appellee appeared and filed answer to the motion. A stipulation was made as to the contents of Rule 3 of the trial court and after argument the court on October 25, 1960 overruled the motion.

Appellant urges that the trial court erred in reinstating this cause during a term after it was dismissed for want of prosecution and under the rule of the trial court and relies solely on the case of *Papuschak* v. *Burich* (1933), 97 Ind. App. 100, 185 N. E. 876.

Appellant claims that the court could have acquired authority to reinstate the case only upon a complaint filed and notice issued pursuant to §2-1068, Burns' 1946 Replacement.

Under the state of the record this cause has not been finally disposed of in the court below. We believe, however, that the issue presented to us is severable and may be determined at this time without prejudice to the parties.

> We have accordingly determined to pass upon this issue pursuant to the authority granted us by Rule 2-3 of the Supreme Court which reads in part as follows:

> " . . . No appeal will be dismissed as of right because the case was not finally disposed of in the court below as to all issues and parties, but upon suggestion or discovery of such a situation the appellate tribunal may, in its discretion, suspend consideration until disposition is made of such issues, or it may pass upon such adjudicated issues as are severable without prejudice to parties who may be aggrieved by subsequent proceedings in the court below."

The record affirmatively discloses that the dismissal of this case by the trial court was not based upon any statutory ground for dismissal or upon lack of jurisdiction.

Early decisions in this state approved dismissals for want of prosecution where statutory grounds for dismissal were not involved. *The Baltimore and Ohio and Chicago Railroad Company* v. *Eggers* (1894), 139 Ind. 24, 38 N. E. 466; *Cabinet Makers' Union* v. *City of Indianapolis* (1896), 145 Ind. 671, 44 N. E. 757; *Blickenstaff* v. *Cowgill* (1914), 58 Ind. App. 378, 106 N. E. 376; *Papuschak* v. *Burich, supra.*

In *Blickenstaff* v. *Cowgill, supra,* this court expressed the opinion that a court may dismiss a cause for lack of prosecution by virtue of the common law under its inherent powers.

Later opinions of our Supreme Court by which we are bound hold that a court has no inherent or common law power to dismiss an action except for lack of jurisdiction and that an involuntary nonsuit may not be ordered in the absence of statutory authority therefor. *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181; *Wayne Pump Co.* v. *Gross Income Tax Div.* (1953), 232 Ind. 147, 110 N. E. 2d 284; *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707.

Trial courts are empowered to establish rules for their own government and for conducting their business. §4-313, Burns' 1946 Replacement; §2-4718-19, Burns' 1946 Replacement.

7 West's Indiana Law Encyclopedia, *Courts*, §41, p. 435 provides:

"Courts have inherent power to ordain such rules as may be necessary to the proper dispatch of their business, and, in addition, the statutes have conferred rule-making power on all our courts, and specifically on the Supreme Court and the circuit courts." With cases cited.

However, we do not believe that they can by rule regulate the exercise of a power which they do not possess, or by rule broaden the statutory authority given them concerning involuntary nonsuits.

In 21 C. J. S., *Courts*, §170, p. 261, it is stated:

" . . . While courts are very generally authorized by statute to make their own rules for the regu-

lation of their practice and the conduct of their business, a court has, even in the absence of any statutory provision or regulation in reference thereto, inherent power to make such rules, subject to limitations based on reasonableness and conformity to constitutional and statutory provisions. A court cannot make and enforce rules which are arbitrary, or unreasonable, or uncertain in their operation, which deprive a party of his legal rights, or which are inconsistent with, or contravene any constitutional or statutory provision or principles of general law. Court rules are subservient to statutes, and in case of conflict the statute, if constitutional, prevails; . . ."

14 Am. Jur., *Courts*, §152, p. 357, states:

"The power of courts to make such rules as they may deem necessary is subject to the limitation that such rules must not contravene a statute or the organic law. As against conflicting statutory provisions such rules are without force. They must be subordinate to the law, and in case of conflict the law will prevail. This is, of course, fundamentally true when the conflict is with the organic law or with a substantial right at common law or under a statute, and it is ordinarily held to be true when the conflict is with a statute regulating procedure. This limitation is generally embodied, when the rule-making power is exercised under statutory authority, in the statute conferring such authority.

"Rules of court cannot abrogate or modify substantive law and can neither enlarge nor restrict jurisdiction."

As pointed out in the case of *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C., supra,* our statute, Acts 1881 (Spec. Sess.), ch. 38, §433, p. 240, being §2-901, Burns' 1946 Replacement, prescribes five causes for dismissal of an action:

"First. By the plaintiff, before the jury retires; or, when the trial is by the court, at any time before the finding of the court is announced.

"Second. By the court where the plaintiff failed to appear on trial.

"Third. By the court, on the refusal to make the necessary parties, after having been ordered by the court.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

In all other cases, upon the trial, the decision must be upon the merits."[1]

It is apparent that said Rule 3 of said trial ■ court as above quoted is not found to be one of the five causes for dismissal under our statute.

Our Supreme Court has held that where a court dismisses a case without statutory or inherent power to do so, it may be mandated to reinstate it. ■ *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C., supra; State ex rel. Hurd* v. *Davis, supra.*

The passage of the term at which the case was wrongfully dismissed without such power to do so does not terminate the duty of the court to reinstate it. *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C., supra; On the Relation of Rosenbarger* v. *Mar. C. C. et al.* (1959), 239 Ind. 132, 155 N. E. 2d 125.

We find no error and the action of the trial court in reinstating this cause is affirmed.

---

1. Acts 1961, ch. 224, §1, p. 535, being §2-901, Burns' 1946 Replacement (Supp.), substituted in the first clause all that following the semicolon for the words, "or before the court has indicated orally, or in any other manner, its intention to direct a verdict in favor of the defendant, or its intention to make a finding in favor of the defendant in a trial by the court," and added a sixth clause.

Mote, P. J., and Kelley, J., concur.

Hunter, J., concurs with opinion.

### CONCURRING OPINION

HUNTER, J.—I believe that under the recent opinions handed down by our Supreme Court concerning dismissal of causes as referred to in the opinion of my associate Judge Pfaff that this court can only interpret said opinions as above set forth, i.e.,

"That a court has no inherent or common law power to dismiss an action except for lack of jurisdiction and that an involuntary nonsuit may not be ordered in the absence of statutory authority:" *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181; *Wayne Pump Co.* v. *Gross Income Tax Div.* (1953), 232 Ind. 147, 110 N. E. 2d 284; *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707.

That trial courts are empowered to establish rules for their own government and for conducting their business cannot be denied. Burns' Ind. Statutes §4-313, §§2-4718-19; 7 West's Ind. Law Encyclopedia, Courts §41, p. 435 as quoted in the above opinion.

Upon examination it is readily apparent that Rule 3 of the Noble Circuit Court as set forth in the opinion above is an arbitrary rule that would destroy the substantive rights of the litigants, thus it should be noted by the bench and bar of this state that we are not here confronted with the question of a dismissal or involuntary nonsuit for want of prosecution under a local court rule that would protect the substantive rights of litigants by, for example, (1) the publication or posting of a civil delinquent list; (2) by notice, actual or constructive, to the party adversely affected thereby; (3) by holding actual judg-

ment of dismissal in abeyance for one or more subsequent terms of court or a stated period of time; and (4) granting a reasonable time thereafter in which to reinstate said cause.

It would seem that a local court rule containing such safeguards would not be in violation of the constitutional rights of litigants and would in effect require diligence on the part of counsel and litigants and prescribe a positive duty to move meritorious cases to conclusion. If necessary it would seem that some relief might be extended by an enabling rule of our Supreme Court.

I believe that trial courts should have some control over the "old dog cases" that have stagnated and clogged their dockets for long periods of time for reasons that are beyond and outside the knowledge of the trial court and unless the courts do have some control over such delinquent actions we would be saying in effect that such negligence, procrastinations, delays and laches in the pursuit of the prosecution of their causes of action must be rewarded.

In most jurisdictions the right to dismiss for lack of prosecution is recognized as an inherent right of the trial courts. The justification for such control over trial dockets and the disposition of causes is clearly and succinctly stated in the case of *Sweeney* v. *Anderson,* 129 Fed. 2d 756, 758 (C C A 10th, 1942).

> "The elimination of delay in the trial of cases and the prompt dispatch of court business are pre-requisites to the proper administration of justice. These goals cannot be attained without the exercise by the courts of diligent supervision over their own dockets. Courts should discourage delay and insist upon prompt disposition of litigation. . . ."

We judicially know that under decisions in Indiana prior to 1949 and subsequent to the 1881 statute, i.e., §2-901, Burns' 1946 Replacement, *supra,* quoted above, the Supreme and Appellate Courts of this state had repeatedly stated *"that a party to a cause may be so negligent of his own interest in connection therewith that the court, both by virtue of the common-law and under its inherent powers, may dismiss a cause of action for want of prosecution"* (my emphasis). *Blickenstaff* v. *Cowgill* (1915), 58 Ind. App. 378, 106 N. E. 376. This conclusion was upheld in *Baltimore & Ohio and Chicago Railroad Co.* v. *Eggers* (1894), 139 Ind. 24, 26, 38 N. E. 466; *Cabinet Makers Union* v. *City of Indianapolis* (1896), 145 Ind. 671, 44 N. E. 757. It would appear that these cases have either been overruled or distinguished without reference thereto by the explicit and exact language of the opinions in *State ex rel. Hurd* v. *Davis, supra; Wayne Pump Co.* v. *Gross Income Tax Div., supra;* and *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C., supra.*

It would seem that if the rule as expressed by the latest opinions of our Supreme Court and as quoted in the above opinion is to be strictly followed there would be no way to clear the trial court dockets and an 'old dog' cause once filed must remain there "ad infinitum" sans statutory authority to dismiss.

NOTE.—Reported in 188 N. E. 2d 286.