STATE EX REL. ZELLERS v.
ST. JOSEPH CIRCUIT COURT, NYIKOS, JUDGE.

[No. 30,502. Filed May 13, 1966.]

*Benjamin Piser, Myron J. Hack, Alexander Lysohir,* and *Piser, Lysohir & Hack,* of South Bend, for relator.

*Joseph W. Nyikos, pro se* and *S. J. Crumpacker, Thomas L. Murray. Crumpacker, May, Levy & Searer,* and *Oare, Thornburg, McGill & Deahl,* of South Bend, for respondent.

JACKSON, J.—This matter comes to us on a verified petition for an Alternative Writ of Mandate and Prohibition growing out of the dismissal of a complaint for damages filed by the relator as plaintiff in the respondent court.

The facts alleged in the petition are substantially as follows:

On the 21st day of November, 1960, relator (as plaintiff) caused to be filed in the office of the clerk of the respondent court his complaint against certain named defendants, alleging in said complaint negligent and unskillful medical practice in administering to relator's minor son by reason of which alleged negligence relator prayed damages in the sum of $15,000.00 for medical expenses and loss of services of his said son. A certified copy of the complaint being attached to, made a part of said petition and marked exhibit A.

The clerk received said complaint, placed the file mark of the court thereon, docketed the same on the entry docket of the court and assigned cause No. B-2847 to it. The clerk issued a summons to the Sheriff of St. Joseph County for service on the defendants named in the complaint, returnable December 10, 1960. The return on the summons shows service was had on November 23, 1960, on the named defendants. A certified copy of the summons and the return thereon is attached to the petition and marked exhibit B.

After the return of the summons and prior to return day all defendants appeared in respondent court by counsel. Entry of appearances being shown by certified copies of the order book entries attached to the complaint and marked exhibits "C-1" and "C-2."

The petition further alleges that thereafter, and until April 9, 1962, no action was taken in said cause. On April 9, 1962, the following entry was made:

"Now, Here, it is ordered by the Court that this cause be and the same is hereby struck from the docket in accordance with Rule No. IX."

The ruling appears by certified copy of the order book entry attached to the petition and is marked exhibit "C-3."

The petition alleges that at all times subsequent to the first day of the November 1961 term of respondent court there were in full force and effect certain rules of Practice and Procedure, the pertinent parts of which were as follows:

"Rule IX

"(a) A list of civil cases including cases for divorce and separation, except those for drainage and those in which a receiver or commissioner has been appointed, which have been at issue for a period of two (2) years or more will be published on the first day of each term of court and at least ten (10) days notice given to the parties or their counsel that said cases will be dismissed by the court on its own motion for failure to bring said action to trial within the two (2) years unless good cause for delay is shown before the day designated in said notice pursuant to Burns' Indiana Statutes Annotated, Section 2-901, Clause Sixth.

"(b) A list of civil cases including cases for divorce and separation, except those for drainage and those in which a receiver or commissioner has been appointed, which have never been at issue and in which no entries have been made for more than eleven (11) calendar months, will be posted in the court on the first day of the succeeding term. During the ensuing three-week period either party may obtain an order to retain said case on the docket upon the filing of a written motion praying such order upon grounds deemed sufficient by the court; and such order retaining said cause will not require the payment of further costs.

"(c) A list of all of the cases not ordered retained pursuant to subsection (b) of this rule shall be posted during the fourth week of said term, and either party may upon written motion setting forth grounds deemed sufficient by the Court and upon the payment of all accrued costs in the action, obtain an order retaining said cause on the docket. After the expiration of 140 days from the first day of said term, all cases on the list provided in this sub-section and not theretofore ordered retained will be dismissed for want of prosecution at plaintiff's cost; and said order will be the final order therein."

Thereafter, on October 10, 1962, relator (as plaintiff) filed his Motion to Reinstate said cause on the docket of respondent court. A certified copy of such motion is filed as exhibit "D" with the petition, and the filing thereof is shown by certified copy of the order book entry attached to the petition and marked exhibit "C-4."

Thereafter on February 27, 1963, the defendants to the principal action (Cause No. B-2847) filed objections to the

motion to reinstate. Relator filed as a part of his petition a certified copy of the objection as Exhibit "E," and the filing thereof is shown by certified copy of order book entry attached to the petition marked exhibit "C-5."

Thereafter relator's motion was overruled and denied by respondent on July 3, 1963, as shown by certified copy of the order book entry attached to the petition and marked exhibit "C-6."

Thereafter, in compliance with Rule 2-35 of the Rules of the Supreme Court of Indiana, relator filed in respondent court his Motion to Reconsider, a certified copy of which was attached thereto, made a part thereof and marked exhibit "F," the filing of which was shown by certified copy of the order book entry attached thereto, made a part thereof as exhibit "C-7."

Thereafter, on the 16th day of September, 1963, the individual defendants in said principal action, Peter S. Danny, Zane Hurkin, John L. Johnston and Albert L. Kull, filed their motion to strike relator's Motion to Reconsider, a certified copy of said motion to strike was attached to the complaint and made a part thereof as exhibit "G." The filing of which appears by the certified copy of the order book entry attached thereto and made a part thereof as exhibit "C-8."

The defendant South Bend Osteopathic Hospital did not resist the relator's Motion to Reconsider.

Thereafter, on the 4th day of October, 1963, respondent Nyikos, as Judge of the St. Joseph Circuit Court, heard argument on said individual Motion to Strike and on relator's Motion to Reconsider, as appears by the certified copy of the order book entry attached to and made a part of the petition herein, shown as exhibit "C-9," and made disposition of said motions by overruling said motion to strike and by taking under advisement relator's Motion to Reconsider.

Thereafter, on October 22, 1963, respondent Nyikos, as Judge of the respondent court refused and declined to vacate

and set aside his order and ruling of July 3, 1963, all as appears by the certified copy of the order book entry attached to relator's petition, made a part thereof and marked exhibit "C-10."

Relator alleges in his petition that the primary action brought by relator against the defendants in said cause No. B-2847 was an action wherein respondent had jurisdiction over the subject matter, over the parties and over the particular case; that said cause was struck from the docket of respondent court by the respondent Nyikos, Judge thereof, wholly and entirely in excess of respondent's jurisdiction, and that the same was struck pursuant to an invalid, unconstitutional and unenforceable local rule of the courts of St. Joseph County, Indiana. That said Rule No. IX purports to permit, and said action by respondent purports to effect the involuntary dismissal of causes for reasons other than those prescribed and set forth in the statute enacted as Acts 1881 (Spec. Sess.), ch. 38, § 433, p. 240; 1961, ch. 224, § 1, p. 535, § 2-901, clauses 1 through 6, Burns' 1964 Cum. Supp.; and that the unlawful action of respondents in striking said cause is wholly and entirely in excess of the jurisdiction of the respondent court.

Relator further alleges that the acts of the respondents, in twice refusing to reinstate said cause after having exceeded respondents' jurisdiction by striking out relator's complaint, is in effect an involuntary dismissal of causes for reasons other than those prescribed and set forth in the statute, Acts 1881 (Spec. Sess.), ch. 38, § 433, p. 240; 1961, ch. 224, § 1, p. 535, being § 2-901, Burns' 1964 Cum. Supp. Relator further alleges that the action of respondents in so dismissing said cause of action constituted a refusal to follow ruling precedents of this court established in the case of *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707, and cases cited therein. See also: *Slagle* v. *Valenziano* (1963), 134 Ind. App. 360, 188 N. E. 2d 286.

It is obvious from a review of the chronology of events in the case at bar, that paragraph (a) of Rule IX was not and could not be the paragraph relied upon by the trial court in non-suiting relator, since the two year requirement had not been met.

We are therefore left to consider the other statutory grounds provided by Acts 1961, ch. 224, § 1, p. 535, § 2-901, Burns' 1964 Cum. Supp. for a determination as to whether or not respondents ruling was or could be based thereon. The statute in question reads as follows:

"Dismissal without prejudice.—An action may be dismissed without prejudice—

"First. By the plaintiff, before the jury retires; or before the court has indicated orally, or in any other manner, its intention to direct a verdict in favor of the defendant, or its intention to make a finding in favor of the defendant in a trial by the court.

"Second. By the court where the plaintiff fails to appear on trial.

"Third. By the court on the refusal to make the necessary parties after having been ordered by the court.

"Fourth. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence.

"Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action.

"Sixth. By the court, upon its own motion or upon the motion of either party (after ten [10] days notice to all parties or their counsel), for failure to bring any action to trial within two [2] years after the action is first at issue, unless good cause for delay is shown, provided, however, that this two [2] year period shall start to run on the effective date of this act, for all actions that are at issue on the effective date of this act.

"In all other cases, upon the trial, the decision must be upon the merits."

It appears that § 2-901, Burns', supra, lends no assistance or validity to the Rule (Rule IX) in the involuntary non-suit

of the relator; therefore the validity of the action here under attack would depend on the "inherent power" of the trial court. The question to be resolved is, does the grant of the right to a court to establish rules of practice and procedure permit it thereby to affect the substantive rights of the litigant? The relator thinks and claims it does not, and this Court in *State ex rel. Terminix Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, *supra,* has agreed with that position in stating that a trial court may not involuntarily dismiss any action over which it has jurisdiction on any grounds other than one of those set forth in § 2-901, Burns' *supra.* This Court stated further, that such a dismissal is not an abuse of discretion, but a judicial act in excess of the trial court's jurisdiction and hence is void. This court stated further in *State ex rel. Calumet Natl. Bank* v. *McCord* (1963), 243 Ind. 626, 629, 189 N. E. 2d 583:

> "It is stated in all the cases above that a court may not enter an order of involuntary non-suit or dismissal against a plaintiff except where there be a statutory ground or a total lack of jurisdiction."

This court has held that a court has no inherent or common law power to dismiss an action except for lack of jurisdiction and that an involuntary non-suit may not be ordered in the absence of statutory authority therefor. *Wayne Pump Co.* v. *Gross Income Tax Div.* (1953), 232 Ind. 147, 110 N. E. 2d 284; *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181.

It follows therefore that a non-statutory dismissal may be exercised by a trial court only where there is a total lack of jurisdiction. There is no contention in the case at bar that respondents lacked jurisdiction.

Respondents contention that relator's Motion to Reinstate was improper since made after the end of the term, and that the issue could properly be raised by filing a petition pursuant to Acts 1941, ch. 72, § 1, p. 185, § 2-1068, Burns', 1946 Replacement, the excusable neglect statute, has been given consideration. The argument advanced must fail. If as we

have held such a dismissal as the one at bar is void, then the "discretion" inherent in the excusable neglect statute is totally lacking. Where the respondents' act is judicial and in excess of jurisdiction, then the motion to reinstate and reconsider is proper, and failure to grant such relief entitles the moving party to the right to pursue here the remedy provided by mandate and prohibition.

The rule-making power granted trial courts is found in Acts 1937, ch. 91, § 2, p. 459, § 2-4719, Burns' 1946 Replacement and reads as follows:

> "Other courts of the state shall have the power to establish rules for their own government, supplementary to and not conflicting with the rules prescribed by the Supreme Court, *or any statute.*" (Emphasis supplied.)

Since the statute, § 2-901, Burns' 1964 Cum. Supp. states that except for the grounds set forth therein, "[i]n all other cases, upon the trial, the decision must be on the merits," Rule IX of the respondent court, must of necessity, be considered in conflict with the statute and prohibited by the very words of the statute granting the rule-making powers to trial courts.

> "The power of courts to make such rules as they may deem necessary is subject to the limitation that such rules must not contravene a statute or the organic law. As against conflicting statutory provisions such rules are without force. They must be subordinate to the law, and in case of conflict the law will prevail. This is, of course, fundamentally true when the conflict is with the organic law or with a substantial right at common law or under a statute, and it is ordinarily held to be true when the conflict is with a statute regulating procedure. This limitation is generally embodied, when the rule-making power is exercised under statutory authority, in the statute conferring such authority.

> "Rules of court cannot abrogate or modify substantive law and can neither enlarge nor restrict jurisdiction. . . ." 14 Am. Jur., Courts, § 152, p. 357.

The notice provided by Rule IX of the respondent court we feel is inadequate to protect the litigant's rights as guaranteed by the Constitution of Indiana, Art. 1, § 12. We need

not discuss this phase of the issues further as the promulgation of Supreme Court Rule 1-4C eliminates the type of rule questioned in the action now before the court.

Relator's petition for a writ of mandate and prohibition filed herein is now granted and respondent court and judge are directed to vacate and overrule the ruling of April 9, 1962, purporting to dismiss relator's principal action from the docket in respondent court, to reverse and vacate the ruling of July 3, 1963, overruling and denying relator's Motion to Reinstate said primary cause on the docket, to reverse and vacate the ruling of October 22, 1963, again overruling and denying relator's Motion to Reinstate, to expunge all such rulings from the record in said principal cause, and forthwith to reinstate said cause on the docket of respondent court, and prohibiting respondents from attempting further to dismiss said principal cause on said purported grounds. Respondents are further ordered, after compliance with the above mandate, to take such further steps consistent with this mandate to finally determine the cause of action therein pending.

Myers, C. J., concurs. Arterburn, J., concurs in result. Rakestraw, J., dissents with opinion. Achor, J., not participating.

## DISSENTING OPINION

RAKESTRAW, J.—It would seem helpful to a consideration of this cause that the proceedings in the court below be reviewed briefly. From the petition for Writ of Mandate and the return filed to it, it appears that the proceedings are as follows:

1. That on November 21, 1960, the Relator filed a suit in the respondent court.

2. That on December 6, 1960, counsel for the defendants in that suit entered their appearance.

3. That at all times relevant to this action there was

in effect a rule of the local court below which provides in part as follows:

"Rule IX

"(b) A list of civil cases including cases for divorce and separation, except those for drainage and those in which a receiver or commissioner has been appointed, which have never been at issue and in which no entries have been made for more than eleven (11) calendar months, will be posted in the court on the first day of the succeeding term. During the ensuing three-week period either party may obtain an order to retain said case on the docket upon the filing of a written motion praying such order upon grounds deemed sufficient by the Court; and such order retaining said cause will not require the payment of further costs.

"(c) A list of all of the cases not ordered retained pursuant to sub-section (b) of this rule shall be posted during the fourth week of said term, and either party may upon written motion setting forth grounds deemed sufficient by the Court and upon the payment of all accrued costs in the action, obtain an order retaining said cause on the docket. After the expiration of 140 days from the first day of said term, all cases on the list provided in this sub-section and not theretofore ordered retained will be dismissed for want of prosecution at plaintiff's costs; and said so order will be the final order therein."

4. That after the entry of the appearance for the defendants, no further orders were made in the case until November 21, 1961.

5. That on November 21, 1961, the case below was included in a list posted pursuant to sub-paragraph (b) of Rule IX.

6. That during the week of December 10 through December 16, 1961, the case below was included on a second list posted on the bulletin board pursuant to sub-section (c) of Rule IX.

7. That no further entries were made in the case below until April 9, 1962.

8. That on April 9, 1962, the court struck the case from the docket pursuant to Rule IX.

9. That the relator (plaintiff in the cause below), filed a motion to reinstate the cause finally on October 10, 1962, which was overruled on July 3, 1963.

10. That thereafter, the relator filed a motion to reconsider, and that on October 22, 1963, the respondent court declined to set aside his order of July 3, 1963, and reinstate the cause.

It thus appears from the matters before this court that the relator from November 21, 1960 to October 22, 1963 took no substantial action in the cause below. Their only action was the filing of the complaint and seeking to have the cause reinstated after it had been deleted from the docket because of their inaction.

It has been held many times that Mandate and Prohibition are extraordinary remedies, and that they are equitable in nature.

A person seeking Mandate or Prohibition must have acted promptly and not have delayed unduly seeking his rights. *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct.* (1963), 243 Ind. 604, 189 N. E. 2d 421; *State ex rel. Hashfield* v. *Warrick Cir. Ct.* (1961), 242 Ind. 318, 178 N. E. 2d 734.

It is also well settled that a person seeking Mandate or Prohibition must show that he has no adequate remedy other than Mandate or Prohibition. Mandate and Prohibition cannot be made substitutes for appeal or for other legitimate legal remedies. *State ex rel. Nineteenth Hole, Inc.* v. *Marion S. Ct., supra; State ex rel. Durham* v. *Marion Circuit Court* (1959), 240 Ind. 132, 162 N. E. 2d 505; *State ex rel. Allison* v. *Crim. Ct. of Mar. Co., etc.* (1958), 238 Ind. 190, 149 N. E. 2d 114.

In this case it appears that the relator without explanation allowed a pending suit to remain from November 21, 1960 through October 22, 1963 without taking any positive action to advance the cause. It also appears that on two separate occasions the pending cause was placed on a list posted in the respondent's court room and that the relator's counsel was an attorney from the same city in which the respondent court is located and practicing in the respondent court. Nothing is alleged or shown to explain the lack of action or the

failure to discover the posting of the case on the appropriate list as provided for in the rules of the respondent court.

It also appears that the relator has two other possible remedies if he is entitled to relief. One of these would be by appeal from the final order which in effect disposes of the case and constitutes a final judgment, another would be by a proceeding under the statute for relief from a judgment entered by surprise, inadvertence, or excusable neglect.

Under the circumstances shown, I would deny the Writ as requested in this cause.

NOTE.—Reported in 216 N. E. 2d 548.