No. 1,164.

QUICK v. THE LAWRENCE NATIONAL BANK ET AL.

APPELLATE COURT PRACTICE.—*Conflicting Evidence.—When Judgment Will Not be Disturbed.*—Where the evidence is in irreconcilable conflict, and there is evidence controverting the facts on which appellant relies, and which sustain the finding of the trial court, the judgment will not be disturbed on appeal.

PRACTICE.—*Application to Set Aside Judgment.—Triable by Court.*—An application to set aside a judgment is addressed to the sound discretion of the court, and is not triable by jury.

From the Wabash Circuit Court.

*J. W. R. Milliner*, for appellant.
*H. C. Pettit*, for appellees.

DAVIS, J.—In the January term, 1892, of the Wabash Circuit Court, the appellee, the Lawrence National Bank, filed its complaint against Nelson Quick, appellant, and the appellees, James E. Boardman and William F. Snyder. The complaint, as originally filed, counted upon a promissory note for $105, payable in bank, given by said Quick and Boardman, makers, to said Snyder, and by Snyder indorsed for value to said bank before maturity. Afterwards a second paragraph was filed, which counted upon the same note and facts, alleging, in addition, that Quick and Boardman signed the note as partners. After the original complaint was filed, but whether before or after the filing of the second paragraph is controverted, Quick, Boardman and Snyder filed, in said court, their written appearances and waivers of summons and service of the same. Judgment was duly taken by default against them in the sum of $116.50, the amount due on the note. The court found and adjudged that Quick and Boardman executed the note for partnership property.

At the ensuing term of the court the appellant filed a

motion, supported by affidavits, to set aside the default and judgment against him. His claim is that he executed the note as principal, with Boardman as his surety; that the first paragraph of the complaint only had been filed when he consented to appear without process; that in order to secure his signature to such writing the attorney for the bank represented that he would take judgment on said paragraph then filed; that he had no knowledge whatever of any claim upon the bank's part that the note in suit was a partnership note.

Counter affidavits were filed in support of the position of the bank that Quick had full knowledge of the nature of the claim and suit against him, and that no misrepresentations were made to him. The matters were submitted to the court, and on the differences between the parties the finding and judgment were in favor of the bank. Appellant seeks to review this judgment on appeal.

Without going further into the details or merits of the controversy it will suffice to say that the evidence is in irreconcilable conflict, and that there is evidence controverting the material facts on which appellant relied, and which sustain the finding of the trial court, and therefore the judgment can not be disturbed by this court. *Williams* v. *Grooms*, 122 Ind. 391; *Hoag, Admr.*, v. *Old People's Mut. Benefit |Society*, 1 Ind. App. 28; *Wells* v. *Bradley, Holton & Co.*, 3 Ind. App. 278.

The application to set aside the judgment was addressed to the sound discretion of the court, and appellant was not entitled to a trial by jury. There is no error in the record.

Judgment affirmed.

Filed Sept. 18, 1894.