CABINET MAKERS' UNION v. CITY OF INDIANAPOLIS.

[No. 17,735.   Filed September 29, 1896.]

DISMISSAL OF ACTION.—*Affidavits.*—Where a motion to dismiss a cause of action is sustained by the trial court, and the affidavits in support of such motion and the counter affidavits were conflicting, under the long and well settled rule, this court can not weigh the evidence and determine where the preponderance is, but must affirm the judgment of the trial court.

SAME.—*Discretion of Court.*—The determination of motions to dismiss an action for want of prosecution is largely within the discretion of the trial court, whose action will not be reviewed by this court unless a clear case of abuse of discretion is shown.

From the Marion Superior Court.   *Affirmed.*

R. N. Lamb, and Ralph Hill, for appellant.

J. B. Scott, and J. E. Scott, for appellee.

MONKS, C. J.—Appellant commenced this action January 23, 1883, against appellee, to recover damages alleged to have been caused by the negligence of appellee.   April 6, 1883, appellee filed an answer in five paragraphs, and on May 10, 1883, appellant filed a demurrer to the second, fourth and fifth paragraphs thereof, which the court, on June 25, 1883, sustained as to the third paragraph, and overruled as to the second, fourth and fifth paragraphs.   No further steps were taken in the cause by appellant until November 27, 1893, when its reply to the second, fourth and fifth paragraphs of answer was filed.

On April 25, 1895, appellee filed its motion to dismiss said action "for failure to prosecute said action with due diligence, that appellant had long since abandoned its cause of action sued upon and set forth

in its complaint." On May 9, 1895, this motion was sustained and the cause dismissed by the court.

The errors assigned call in question the action of the court in sustaining said motion.

Appellee filed affidavits in support of said motion to dismiss, and appellant filed counter-affidavits, and thereby an issue of fact was presented, which the trial court determined against appellant.

The excuse given for delay in the prosecution of said cause by the counter-affidavits was, that in 1884 counsel for appellant made an agreement with the then city attorney that further proceedings in this cause should be suspended until the final disposition of another cause involving the same questions pending in this court, which was dismissed on confession of error October 28, 1891; that counsel for appellant had no knowledge that said cause had been disposed of until the summer of 1893; that in 1893 said cause was further postponed by agreement with the attorney then representing the city, in order that an effort might be made to try some case involving the same matter, against both the city and the railroad companies.

The affidavits in support of the motion were sufficient to sustain the action of the court, and although they and the counter-affidavits were conflicting, under the long and well settled rule this court cannot weigh the evidence, even if presented by affidavits, and determine where the preponderance is, but the judgment of the trial court must be affirmed. *Williams* v. *Grooms*, 122 Ind. 391, 393; *Schnurr* v. *Stults*, 119 Ind. 429, 430; *DeHart* v. *Aper*, 107 Ind. 460; *Nash* v. *Cars*, 92 Ind. 216, 220; *Carter* v. *Ford Plate Glass Co.*, 85 Ind. 180, 189; *Hoag, Admr.* v. *Old People's, etc., Soc.*, 1 Ind. App. 28, 33; *Wells* v. *Bradley, Holton & Co.*, 3 Ind. App. 278, 280; *Schofield* v. *Starnes*, 5 Ind. App. 457,

458; *Quick* v. *Lawrence Nat'l Bank*, 10 Ind. App. 523, 524; *Stevens* v. *Stevens*, 127 Ind. 560, 568; *De Hart* v. *Etnire*, 121 Ind. 242, 244; *DeFord* v. *DeFord*, 116 Ind. 523, 525; *Dill* v. *Lawrence*, 109 Ind. 564, 566 and cases cited; *Epps* v. *State*, 102 Ind. 539, 555, 556; *Hodges* v. *Bales*, 102 Ind. 494, 499, 500; *Clayton* v. *State*, 100 Ind. 201, 205 and cases cited; *Fitzgerald, Tr.* v. *Goff*, 99 Ind. 28, 44, 45; *Hamm* v. *Romine*, 98 Ind. 77, 83, 84; *Doles* v. *State*, 97 Ind. 555, 563, 564.

Besides the determination of motions to dismiss an action for want of prosecution is largely within the discretion of the trial court, whose action will not be reviewed by this court unless a clear case of abuse of that discretion is shown, which has not been done.

Judgment affirmed.