### EAST *v.* CARR ET AL.

[No. 26,588. Filed May 22, 1936. Rehearing denied
October 21, 1936.]

*Belshaw, Huebner & Belshaw* and *Todd & Slaughter,*
for appellant.

*Philip Lutz, Jr.,* Attorney-General, *Ralph E. Hanna,*

Assistant Attorney-General, *McHale, Arthur & Meyers* and *Herbert J. Patrick*, for appellees.

HUGHES, J.—The appellant for many years was a duly licensed dentist of Indiana and practiced in Hammond, Indiana. It appears from the complaint that prior to December 2, 1933, charges were filed against him, as provided for by statute, and the appellees, constituting the Indiana State Board of Dental Examiners, notified appellant to appear before said board at Indianapolis, Indiana, to answer said charges; that said appellant appeared before said board and entered a plea of not guilty; evidence was heard and on December 3, 1933, the said board found the appellant guilty of the charges filed against him and revoked his certificate and license to practice dentistry.

The appellant appealed from the action of the board to the Superior Court of Lake County as provided for under Section 63-519, Burns 1933, §5604, Baldwin's 1934. The complaint of appellant is quite lengthy and sets out many reasons why the board erred in its finding and judgment. It appears from the finding and judgment that the appellant, after the charges had been filed against him, surrendered to the Secretary of the Indiana State Board of Dental Examiners his State Board Certificate, his Lake County Dental License, and his 1933 Registration Certificate; and the appellant states in his complaint that he surrendered his certificate and license.

The appellees, defendants below, filed a motion to dismiss the appeal of appellant to the Lake Superior Court for two reasons, the second being as follows: "That heretofore on the 17th day of November, 1933, the plaintiff surrendered to the defendants his license to practice dentistry in the State of Indiana and that all questions sought to be raised by the appeal are now moot."

The court sustained the motion to dismiss and entered judgment dismissing the complaint and appeal. The error assigned for reversal is that the court erred in sustaining the motion to dismiss.

The appellant undertakes to avoid his action surrendering his certificate and license by alleging in his complaint, "That the entry of the order and judgment by the said Indiana State Board of Dental Examiners on the 2nd day of December, 1933, revoking the certificate and license of this plaintiff, constituted and was a refusal of the said Indiana State Board of Dental Examiners to accept the surrender and tender, by this plaintiff, of his certificate and license for the year 1933, to practice dentistry." We can not agree with this contention. The surrender was made after the charges had been filed with appellant and after part of the evidence had been heard by the board. The fact that the certificate and license were surrendered after the charges were filed and after evidence had been heard was evidence from which the board could well infer that the appellant was guilty as charged. We cannot see how the entry, finding, and judgment of the board on December 2, 1933, revoking the certificate and license of the appellant, could in any manner constitute a refusal to accept the surrender of the appellant's license and we are of the opinion that it did not. The judgment could not be any more effective than the surrender itself. The appellant having voluntarily surrendered his certificate and license before the filing of his complaint and taking his appeal, the question became moot and the motion to dismiss was properly sustained.

We agree with appellant that a motion to strike out can not perform the office of a demurrer in determining the sufficiency of a pleading, but this rule has no application in the instant case where it is clearly shown by the complaint that the question at-

tempted to be presented is moot. And it has been held that where a pleading has been stricken out which palpably contains no valid cause of action the judgment will not be reversed because of irregular procedure adopted. *Clark* v. *Jeffersonville R. R. Co.* (1873), 44 Ind. 248. In the case of *Wabash R. R. Co.* v. *Todd* (1917), 186 Ind. 72, 79, 113 N. E. 997, it is said:

> "It is true that a motion to strike out will not perform the office of a demurrer for want of sufficient facts, but if a pleading is so clearly bad that it can not be amended, or if in the case of an answer or reply, it amounts only to a general denial, a judgment will not be reversed on account of the irregular proceedings in sustaining such motion."

In the instant case it is shown by the complaint that that the appellant voluntarily surrendered his certificate and license after the charges were filed against him and after evidence had been heard on the charges. Under such circumstances the complaint could not be amended to state a cause of action and there was no error in dismissing the appeal or complaint.

As the record shows that the appellant voluntarily surrendered his certificate and license, he is not concerned with the constitutionality of the Act in question as the same does not impair any of his rights. *Currier* v. *Elliott* (1895), 141 Ind. 394, 39 N. E. 554. In the case of *State* v. *Gerhardt* (1896), 145 Ind. 439, 450, 44 N. E. 469, it is said:

> "It is firmly settled that a party will not be heard by a court to question the validity of a law, or any part thereof, unless he shows that some right of his is impaired or prejudiced thereby."

Judgment affirmed.