IN RE ORDINANCE NO. 464 OF COMMON COUNCIL
OF CITY OF JASPER *v.* THE CITY OF JASPER.

[No. 19,223. Filed February 1, 1962.]

*Arthur S. Wilson,* of Princeton, for appellants.

*Louis A. Savage, Clemence A. Nordhoff,* both of Jasper, and *Norbert T. Schneider,* of counsel, of Huntingburg, for appellee.

ACHOR, C. J.—The above entitled case is before us on petition to transfer under Acts 1933, ch. 151, Sec. 1, p. 800 (Sec. 4-215, Burns' 1946 Repl.)[1]

The court has examined the petition and determined that it does not state sufficient cause for transfer.

1. *In Re Ordinance No. 464 of Common Council of Jasper* (1961), 133 Ind. App. 1, 176 N. E. 2d 906.

The petition is therefore denied.

However, we do not, by reason of the denial of transfer, approve the language contained in the opinion of the Appellate Court which imports that compliance with Rule 1-13 of this court is "directory only" and not mandatory. Such a construction which was placed upon the statute, Acts 1923, ch. 83, Sec. 1, p. 254 (Sec. 2-2102, Burns' 1946 Repl.),[2] which contained a provision similar to Rule 1-13, *supra*, was consistent with the fact that a mandatory application of the statute, *supra*, would have constituted an unconstitutional invasion and interference of the judiciary by the legislative branch of the government. *State ex rel. Kostas* v. *Johnson* (1946), 224 Ind. 540, 545, 69 N. E. 2d 592, 594, 168 A. L. R. 1118. This constitutional impediment upon the legislature does not stand in the way of the enunciation of a mandatory rule of this court; the judiciary being a separate and coordinate branch of our government.

We would note also, as related to the application of the above enunciated rule, that although a mandatory duty to act may be imposed upon a trial court by statute or rule, the parties may, by their own conduct, be estopped to assert a right to the relief to which otherwise they would have been entitled. See: *State ex rel. American Fletcher etc.* v. *Lake S. Ct.* (1961), 242 Ind. 118, 175 N. E. 2d 3; *State ex rel. Zilky* v. *Lake Superior Court* (1961), 242 Ind. 128, 175 N. E. 2d 9; *State* v. *Fulton Circuit Court* (1960), 240 Ind. 288, 164 N. E. 2d 111.

Arterburn and Landis, JJ., concur.

---

2. See *Jones* v. *Swift et al., Executors* (1884), 94 Ind. 516; *Smith* v. *Uhler* (1884), 99 Ind. 140.

Bobbitt and Jackson, JJ., concur in result.

NOTE.—Reported in 179 N. E. 2d 749.