BIELAT *v.* FOLTA ET AL. ; BIELAT *v.* FOLTA ET AL.

[Nos. 20,701 and 20,702. Filed August 21, 1967. Rehearing denied with opinion September 18, 1967. Transfer denied November 20, 1967.]

*Jay E. Darlington,* of Hammond, for appellants.

*Edmond J. Leeney* and *Patrick J. Galvin,* both of Hammond, for appellees.

COOK, J.—These appeals by appellants, husband and wife involve identical issues. The cases were not consolidated in the trial court, but we have combined the appeals to facilitate a determination of the questions presented.

Appellant Eleanor Bielat appeals from a judgment of dismissal of her personal injury complaint against appellees. Appellant Bruno Bielat also appeals from a judgment of dismissal of his complaint for damages against appellees, because of personal injuries alleged to have been sustained by his wife.

The actions were commenced on May 29, 1956, and relate to an automobile accident which occurred on May 30, 1954. We do not believe it is necessary to recount all of the uneventful proceedings in the trial court. The chronology is the same in each case. It should be sufficient to notice that the issues were closed by appellees' answer on March 1, 1962. On April 12, 1966, the trial court entered orders to show cause why the cases should not be dismissed "for want of prosecution, pursuant to Burns' Indiana Statutes § 2-901 and to Supreme Court Rule 1-4C;" and, appellants were given until May 5, 1966, to respond. On May 5, 1966, appellants filed Responses, asked for and were granted time to May 16, 1966, to file a brief. On May 17, 1966, appellants submitted briefs to the trial court and at the same time filed verified

motions for a change of judge, pursuant to Supreme Court Rule 1-12B-(8). Appellees moved to strike appellants' motions for change of judge.

The trial court, on October 10, 1966, denied the change of Judge motions, struck them "from the record," and dismissed appellants' causes of action. Identical assignments of error submitted to us allege, "the lower court erred in its order of October 10, 1966, that Defendants' Motion to Strike Plaintiff's (verified) Motion for Change of Venue from the Judge is sustained and said Plaintiff's Motion is struck from the record and denied;" and, "the lower court erred in its final judgment of October 10, 1966 (following No. I) that the court being duly advised in the premises now dismisses this cause of action."

Appellants take the ambivalent position that Supreme Court Rule 1-4C[1] is unconstitutional; that Acts, 1961, Chapter 225

---

1. "Rule 1-4C. Failure to Prosecute Civil Actions. 1. However no action has been taken in a civil cause for a period of six consecutive months, the court, on motion of a party, or on its own motion, may issue a rule against the plaintiff to show cause by a day certain, if any there be, why said cause should not be dismissed for want of prosecution.

"2. Said rule to show cause shall be entered of record and notice thereof may be served on each of the parties or their attorneys personally or by first class United States mail.

"3. If the plaintiff shall not show sufficient cause, verbally or in writing, within the time limited, why said cause should not be so dismissed, the court may dismiss the same at plaintiff's costs and shall notify plaintiff or his attorney of record thereof personally or by first class United States mail.

"4. Within 60 days thereafter, plaintiff may file therein a verified petition to reinstate said cause alleging facts showing that either lack of notice, inadvertence or excusable neglect prevented plaintiff from showing cause why the same should not be dismissed and facts showing that plaintiff has a good cause of action. Notice, and a copy thereof, shall be served on the defendant or his counsel personally or by first class United States mail of the time of hearing thereof and defendant shall have the right to file counter-affidavits thereto. If the court finds that said lack of notice, inadvertence or excusable mistake prevented plaintiff from showing cause why said action should not be dismissed and finds that plaintiff has shown a prima facie cause of action, said action shall be reinstated. The court may condition such reinstatement upon the performance by plaintiff of such action as shall assure the diligent prosecution thereof. Effective July 1, 1965. "(This rule will supersede Burns' § 2-901(6) (1964 Supp.))"

(Burns' § 2-901, (6), 1964 Supp.[2] is also unconstitutional; and that Acts , 1937, Chapter 91, Burns' § 2-4718 (giving to the Supreme Court power to adopt rules governing practice and procedure in all of the courts of this state) is also unconstitutional; but that Supreme Court Rule 1-12B(8)[3] is valid and the trial court abused its discretion in denying appellants' verified motions for change of venue from the judge.

We prefer to first consider appellants' contention that the trial court erred in dismissing the alleged causes of action for want of prosecution.

Prior to the enactment of Burns' § 2-901 Clause (6), our Supreme Court held that a trial court is "without power to nonsuit a plaintiff without his consent. . . . The only inherent power of dismissal a court has is to dismiss an action of which it has no jurisdiction." *State ex rel. Hurd* v. *Davis* (1949), 227 Ind. 93, 84 N. E. 2d 181; *State ex*

---

2. "An action may be dismissed without prejudice. . . . Sixth. By the court, upon its own motion or upon the motion of either party (after ten days notice to all parties or their counsel), for failure to bring any action to trial within two years after the action is first at issue, unless good cause for delay is shown, provided, however, that this two year period shall start to run on the effective date of this act, for all actions that are at issue on the effective date of this act.

In all other cases, upon the trial, the decision must be upon the merit."

3. "Rule 1-12B. Change of Venue. 1. In all cases where the venue of a civil action may now be changed from the judge or the county, such change shall be granted upon the filing of an unverified application or motion without specifically stating the ground therefor by a party or his attorney. Provided, however, a party shall be entitled to only one (1) change from the county and only one (1) change from the judge.

"2. In any action except criminal no change of judge or change of venue from the county shall be granted except within the time herein provided. Any such application for a change of judge or change of venue shall be filed not later than ten (10) days after the issues are first closed on the merits.

. . .

"8. Provided, however, if the moving party first obtains knowledge of the cause for change of venue from the county or judge after the time above limited, he may file said application, which must be verified personally by the party himself, specifically alleging when the cause was first discovered, how it was discovered, the facts showing the cause for a change, and why such cause could not have been discovered before by the exercise of due diligence. Any opposing party shall have the right to file counter-affidavits on such issue within ten (10) days, and the ruling of the court may be reviewed only for abuse of discretion."

*rel. Terminix Co. of Ind.* v. *Fulton C. C.* (1956), 235 Ind. 218, 132 N. E. 2d 707.

Later our Supreme Court expanded the principle announced above by holding, in the case of *State* v. *St. Joseph Circuit Court* (1966), 247 Ind. 394, 8 Ind. Dec. 269, 216 N. E. 2d 548:

". . . that a court may not enter an order of involuntary non-suit or dismissal against a plaintiff except where there be a *statutory ground* or a total lack of jurisdiction." (Our emphasis.)

Conceding the validity of Burns' § 2-901 (6), (when enacted) and Supreme Court Rule 1-4C, we must decide whether the statute or Rule 1-4C have any application to these proceedings. In *State ex rel, Uzelac* v. *Lake Crim. Ct.* (1965), [247 Ind. 87] 7 Ind. Dec. 205, 212 N. E. 2d 21, our Supreme Court considered the question, among others, as to whether Supreme Court Rule 1-4D encompassed *pending* criminal proceedings. The latter Rule provided for the discharge of a person charged with a crime and held in jail for a continuous period of more than six months after filing of the charge or arrest, wth certain exceptions of no importance here. The Supreme Court, in *Uzelac,* said:

"To make this rule applicable retroactively to pending cases was not the intention of this Court, and the rule should not be so interpreted. It was not intended to make it applicable to cases pending on July 1, 1965. It was intention of this Court to make it applicable only to cases initiated on and after July 1, 1965."

Supreme Court Rules 1-4C and 1-4D were adopted the same day and each contained the statement, "This rule shall be effective on or after July 1, 1965." We do not believe that Supreme Court Rule 1-4C was intended to apply retroactively and thus become a trap for the unwary or the basis for non-suiting negligent practitioners, for past ommissions.

Rule 1-4C, here involved, contained the additional statement: "(This rule will supersede Burns' § 2-901(6) (1964

Supp.))". We must assume that the Supreme Court used the word "supersede" in its ordinary dictionary meaning, viz: "To set aside or cause to be set aside as invalid , useless or obsolete usually in favor of something mentioned; to make obsolete; They superseded the old statute with a new one; to supplant".

It follows that on and after July 1, 1965, Burns' § 2-901 (6) was invalidated; that Supreme Court Rule 1-4C does not apply to pending litigation; that the trial court was wholly without power to dismiss appellant's alleged causes of action for want of prosecution.

The trial court denied appellants' verified motions for a change of venue from the judge. The "cause" which appellants asserted in their verified motions was the "bias and prejudice against plaintiff's cause of action and also against plaintiff's sole counsel—to such a strong extent that plaintiff cannot have a fair determination of said pending matter by said Judge on said Motion to Dismiss and Response thereto or on any further matters in the case." The motions also allege that appellants believe the judge "already has made up his mind to order said dismissal," and that the judge will not "bother to study or consider or even carefully read the important constitutional and other grounds for non-dismissal set forth in said Response," or appellants' briefs in support thereof. Other irrelevant and incendiary accusations are narrated by way of conclusion. Appellants' argumentative motions for change of judge (Response and Brief made a part by reference) are nothing more than a vitriolic attack on courts in general and the trial judge in particular. They are grounded in invective and embellished with vituperation and designed to inflame the most fair-minded judge. The motions are devoid of "the *facts* showing the cause for a change," required by Supreme Court Rule 1-12B (8). The latter rule restricts our review, "only for abuse of discretion." The term connotes more than an error of law or of judgment. It implies an unreasonable,

arbitrary or unconscionable attitude on the part of the trial judge. Such a showing was not made by appellants' motions nor by the record in these cases.

We believe it is appropriate to observe that, fugacious as time is, a lapse of nine years between commencement of these actions and the proceedings to cause dismissal (without any effort by appellants' counsel to bring these cases to trial) is hardly substantial compliance with the constitutional mandate that "justice shall be administered speedily and without delay." The void created by the invalidity of Burns' § 2-901 (6) should be filled by the trial court's orders requiring an early trial; and a refusal to grant continuances except upon statutory grounds. Such orders may be enforced under Burns' § 2-901 (5).

Because of the present state of the law, the judgments in causes numbered C-56-427 and C-56-428 are reversed and the trial court is ordered to reinstate each case. On the record before us, the Honorable Felix Kaul, Judge of the Lake Circuit Court, should retain jurisdiction of the cases.

Judgments reversed, with instructions as ordered.

Pfaff, C. J., Bierly and Smith, JJ. concur.

NOTE.—Reported in 228 N. E. 2d 888.