## Thomas K. McCubbens and James L. Kemp *v.* Betty O'Banion.

[No. 3-675A113. Filed April 4, 1977.]

*Milton A. Johnson,* of South Bend, for appellant McCubbens, *Edward V. Minczeski,* of South Bend, for appellant Kemp.

*Morris Rosen,* of South Bend, *David T. Ready,* of South Bend, for appellee.

Hoffman, J.—Thomas K. McCubbens and James L. Kemp appeal from the trial court's entry denying their motion for summary judgment on a claim for personal injuries and property damage. The question they raise on appeal concerns whether the dismissal of a similar prior claim for want of prosecution pursuant to former Supreme Court Rule 1-4C[1] acts as a bar to the cause of action herein.

1. Effective July 1, 1965. Superseded January 1, 1970.

The original complaint filed October 18, 1968, alleged that the then fourteen-year-old Betty Belton was injured when two automobiles driven by appellants collided and as a result thereof jumped the curb and struck her while walking on the sidewalk. On October 24, 1969, the complaint was dismissed for want of prosecution pursuant to former Rule 1-4C, *supra*. By stipulation of the parties the cause was reinstated on June 11, 1970, under an amended complaint. Further proceedings were had which terminated in the court's finding that by its previous order of dismissal it had lost jurisdiction, that it was without power to reinstate the cause under an amended complaint and that the prior dismissal was an adjudication on the merits. Belton thereafter failed to perfect her appeal.

The present case was begun on March 14, 1974, when at age twenty-one, the now Betty (Belton) O'Banion filed a second complaint alleging the appellants' negligence in the same manner as had been claimed in the prior action. In response McCubbens and Kemp filed their separate motions for summary judgment based on the premise that the original cause had been dismissed for want of prosecution. On May 17, 1974, the trial court granted these motions. On March 14, 1975, after a special judge had been appointed, O'Banion's motion to correct errors was sustained. The trial court vacated its prior summary judgment and ordered appellants to file responsive pleadings. From this judgment McCubbens and Kemp appeal.

Appellants urge that the dismissal of O'Banion's original complaint for want of prosecution pursuant to Rule 1-4C, *supra,* was with prejudice and thus a bar to the filing of a second complaint on the same cause of action. Appellee assumes however that the dismissal was without prejudice and therefore not *res judicata* to the case at bar.

Drawn into question therefore is whether a dismissal for want of prosecution pursuant to Rule 1-4C, *supra,* is consid-

ered as an adjudication upon the merits in the context of assessing a subsequent complaint on the same cause.

Indiana Supreme Court Rule 1-4C, *supra,* states:

"Rule 1-4C. Failure to Prosecute Civil Actions. 1. Whenever no action has been taken in a civil cause for a period of six consecutive months, the court, on motion of a party, or on its own motion, may issue a rule against the plaintiff to show cause by a day certain, if any there be, why said cause should not be dismissed for want of prosecution.

"2. Said rule to show cause shall be entered of record and notice thereof may be served on each of the parties or their attorneys personally or by first class United States mail.

"3. If the plaintiff shall not show sufficient cause, verbally or in writing, within the time limited, why said cause should not be so dismissed, the court may dismiss the same at plaintiff's costs and shall notify plaintiff or his attorney of record thereof personally or by first class United States mail.

"4. Within 60 days thereafter, plaintiff may file therein a verified petition to reinstate said cause alleging facts showing that either lack of notice, inadvertence or excusable neglect prevented plaintiff from showing cause why the same should not be dismissed and facts showing that plaintiff has a good cause of action. Notice, and a copy thereof, shall be served on the defendant or his counsel personally or by first class United States mail of the time of hearing thereof and defendant shall have the right to file counter-affidavits thereto. If the court finds that said lack of notice, inadvertence or excusable mistake prevented plaintiff from showing cause why said action should not be dismissed and finds that plaintiff has shown a prima facie cause of action, said action shall be reinstated. The court may condition such reinstatement upon the performance by plaintiff of such action as shall assure the diligent prosecution thereof. Effective July 1, 1965.

"(This rule will supersede Burns' § 2-901(6) (1964 Supp.))"

Under paragraph three of the rule the court may dismiss a cause of action for want of prosecution without the assent of the plaintiff. In addition, the method described under paragraph four for reinstatement requires that the plaintiff show

within sixty days that through either a lack of notice, inadvertence or excusable neglect he failed to move his case forward. Thus, if a party has failed to prosecute his case but shows cause therefor under paragraph four he may be reinstated upon conditions involving requirements of future diligence. Any further failure to abide by court ordered conditions of diligence would require additional sanction.

From this scheme it is apparent that a failure to abide by court rule cannot be avoided by the expedient of filing a new complaint on the same cause of action. Rather, the trial court must dismiss with prejudice for want of prosecution when the sanction of Rule 1-4C, *supra,* requires it.

O'Banion urges that former Rule 1-4C, *supra,* should be read in light of an earlier Indiana procedure embodied in Burns Indiana Statutes Annot., § 2-901 Sixth. The pertinent portion of that statute provided:

> "SECTION 1. Acts 1881 (Spec. Sess.), c. 38, s. 433 is amended to read as follows: Sec. 433. Dismissal without prejudice. An action may be dismissed without prejudice.
>
> * * *
>
> "Sixth. By the court, upon its own motion or upon the motion of either party (after ten days notice to all parties or their counsel), for failure to bring any action to trial within two years after the action is first at issue, unless good cause for delay is shown, provided, however, that this two year period shall start to run on the effective date of this act, for all actions that are at issue on the effective date of this act."

However, reliance on Burns Indiana Statutes Annot., § 2-901, *supra,* does not of necessity impose a similar interpretation on Rule 1-4C, *supra.* Supreme Court Rule 1-4C, *supra,* explicitly superseded Burns Indiana Statute Annot., § 2-901 Sixth, the latter being considered obsolete. *See, Bielat* v. *Folta et al.; Bielat* v. *Folta et al.* (1967), 141 Ind. App. 446, 228 N.E.2d 888 (transfer denied). Moreover Rule 1-4C, *supra,* is more readily compared with the present Ind. Rules of Procedure, Trial Rule 41(E) and 41(F). The remedial

portion of these rules allows for a judgment of dismissal with prejudice to be set aside in accordance with Ind. Rules of Procedure, Trial Rule 60(B), upon a showing of mistake, surprise or excusable neglect. Such a procedure was clearly foreshadowed in the language of Rule 1-4C, *supra*.

Therefore Rule 1-4C, *supra*, much like the present rule, provided for an involuntary dismissal which would become conclusive upon a finding by the trial court that the cause was terminated with prejudice. *Swain* v. *City of Princeton* (1970), 147 Ind. App. 174, 259 N.E.2d 440 (transfer denied).

The record in the original cause of action reveals that the plaintiff failed to prosecute her claim for eleven months. The trial court ordered her to show cause why the action should not be dismissed pursuant to former Supreme Court Rule 1-4C, paragraph three, *supra*. Plaintiff responded with a request for a further continuance which was granted. Thereafter upon receiving no pleading the trial court dismissed the cause of action for want of prosecution. In so dismissing the cause, the trial court specifically determined its judgment to be an adjudication on the merits. Plaintiff's failure to perfect an appeal therefrom left this judgment as the law of the case. *Slater* v. *Stoffel* (1969), 144 Ind. App. 672, 248 N.E.2d 378 (transfer denied). With such a termination of the original cause of action it would be error to ignore the bar imposed by it in the present suit.

Accordingly the judgment of the trial court must be reversed.

Judgment reversed.

Staton, P.J. and Garrard, J., concur.

NOTE.—Reported at 361 N.E.2d 191.